## No. 424
## FIRST NAT. BANK OF ASHLAND v. KOSLIN

Ohio Appeals, 9th Dist., Cuyahoga County
No. 4344. April 26, 1923

This opinion has not been published except in Abstract.

NEGOTIABLE INSTRUMENTS — (1) Bona fide holder for value, of check may recover thereon although facts might not warrant recovery by payee—(2) Existence of other rights does not militate against clear right against maker.

MAUCK, J.:

Middleton, P. J., Mauck and Sayre, JJ., 4th District, sitting

Epitomized Opinion

Error to M. C. of Cleveland; reversed

Koslin and one Pustelnik kited checks each for $500, the check drawn by Pustelnik being on the Ashland Bank. The check received by Koslin was dishonored and he thereupon stopped payment on his own check, but through a mistake the Cleveland correspondent of the Ashland Bank failed to notify his principal of this fact and the money was paid to Pustelnik. Recovery was denied the Ashland Bank in Municipal Court and error is prosecuted to this court. Held by the Court of Appeals in reversing the judgment for Koslin:

1. A bona fide holder of a check for value, without notice of any facts which would impeach its validity before the same is presumptively dishonored, may recover thereon although the facts might not have warranted a recovery by the payee. The Bank was such a holder and should recover from Koslin.

2. The plaintiff bank might have maintained actions against either the Cleveland correspondent, the indorsee or the drawer of the check, but the existence of these rights does not militate against the prosecuting of its clear right against the maker.

Attorneys—Sterns, Chamberlain & Royon, for The Bank; Price & Shepard, for Koslin.

## No. 425
## SOGOLIVITZ v. MARKET BAKING CO.

Ohio Appeals, 9th Dist., Cuyahoga County
No. 4350. April 23, 1923

This opinion has not been published except in Abstract

LEASE—(1) Judgment of lower court affirmed.
Vickery, P. J., Sullivan and Levine, JJ.
PER CURIAM:

Epitomized Opinion

Error to Cleveland Municipal Court; affirmed

The Baking Co. leased certain property owned by Sogolovitz and deposited $900 as security that the rent would be paid promptly. The Baking Co. failed to pay the rent due Feb. 1, 1922, and Sogolovitz notified it to vacate, which it did. Sogolovitz brought action for one month's rent and the Baking Co. put in a counterclaim for $900. The lower court rendered judgment for Sogolovitz in the sum of one month's rent and for the Baking Co. in the sum of $900 less one month's rent. Held:

1. There is nothing in the record to show that any damages had accrued prior to the termination of the lease and The Baking Co. was entitled to the balance of the money it had on deposit. There is no error in the judgment of the lower court and it is affirmed.

Attorneys—H. P. Fetterman, for Sogolovitz; Stanley & Horwitz, for Baking Co.

## No. 426
## MARSILLON v. FARRELL

Ohio Appeals, 9th Dist., Cuyahoga County
No. 4355. April 30, 1923

This opinion has not been published except in Abstract.

QUESTIONS OF FACT—(1) Manner of fastening horse securely, a question of fact, and instruction by court to jury on the point is error.

PER CURIAM:

Vickery, P. J., Sullivan and Levine, JJ.
Epitomized Opinion

Error to Cleveland Municipal Court; reversed

An action for personal injury on which Marsillon recovered in the lower court was founded upon an ordinance of Cleveland which provides for hitching horses attached to vehicles in a secure manner. The evidence indicated that the horse in this case was fastened by what is known as a hold-back strap, and the question arose as to whether this was a secure way. The court instructed the jury that unless the horse was fastened to a telegraph pole or lamp post, or unless there was attached a weight of at least one hundred pounds, it was not so hitched. Held by Court of Appeals in reversing the judgment:

1. The court by its instruction added to and supplemented the ordinance in a marked degree. Whether the horse was hitched securely or not was a question for the jury and the court not having submitted it to the jury error was committed.

Attorneys—Philip Sampliner, for Marsillon; Hurd & McNamara, for Farrell.

## No. 427
## BRAMSON v. BOGRAND

Ohio Court of Appeals, Cuyahoga County
No. 4514. April 30, 1923

This opinion has not been published except in Abstract

APPEAL—(1) No real question being before Appeals Court, decree entered in same terms as in court below.

Vickery, P. J., Sullivan and Levine, JJ.
PER CURIAM:
Epitomized Opinion
Appeal affirmed

The action in the lower court was based on an accounting of monies received by Bogrand while in possession of certain property and the transfer of that property to Bramson. The lower court awarded the possession of the property to Bramson and ordered her to repay certain money to Bogrand. Held by the Court of Appeals in affirming decree of the lower court:

1. There seems to be no real question before this court and we think a decree ought to be rendered in favor of the defendant Bogrand in substantially the same terms as was entered in the court below.

Attorneys—Mooney, Hahn, Loeser & Keough, for Bramson; W. B. Woods, for Bogrand.